Justice Dora L. Longoria:     CAUSE NO. 14-05-11,997

• I have in my hand, the rehearing appeal motion that you have affirmed the courts judgement on my case. Justice Longoria. I was not suprised at all, in fact, my attorney said that you would more then likely do so... so I asked him if he knew we would lose our case at trial, and our appeal "and" our rehearing motion. why was he even representing me? as a court appointed attorney, I can see he had an obligation to represent me. but to request from the trial Judge that we had just lost our case to-to appoint him as my appeal attorney "also"? then he lost my appeal, and told me (I have the letter) that I should file a Pro-se motion for rehearing..which I did,... only to have him file a motion for rehearing also!! I know he was not obligated to file any other motion other than the first appeal. so I asked him why he had filed the second appeal after he told me to file on my own Pro-se? I also asked him if he was going to represent me on my PDR.. but as of yet, I've gotten no answer. I did send in a motion for time extension to file said PDR. Justice Longoria. I don't know anything about filing these matters, but I've got a life sentence that I'm 100% sure I would get dismissed if given another chance in court. my attorney filed "3" error's I feel would have only amounted to those "3" errors being readjusted by the trial court at most. as I feel they were meritless errors.. I was told by my attorney, that even if I go Pro-se, I could not include "any" new errors? Justice Longoria, if I would have filed the appeal in the first place, I would have included these errors.. but now that I have no attorney, Am I allowed to enter new errors as evidence? All I want is to bring to light the points of errors not discovered until "after" my trial. I don't know how its done. I don't think its illegal asking advise from you on how to file my PDR, or whatever I need to file. I assume it to be ethical at this point to show you the points of errors I "want" to file as my PDR.

    Thank you for your most valuable Time Justice Longoria. and according to these next few pages,, you will see that I do have a legitimate reason to be conserned about my appeal and my fight for freedom.

With Respect: Jose B Salas #1979973

RECEIVED

OCT 15 2015

13th COURT OF APPEALS

RECEIVED
COURT OF CR...

OCT 19 2015

Abel Acro...

Appellants Pro- Se Motion For Appeal
To the Honorable Justice of the Court of Appeals

RECEIVED
OCT 15 2013
13th COURT OF APPEALS

I would like to file a motion for a *PDR pro-se* by the Court of Appeals, I plan to introduce ( argue) the issues I wanted argued in my Appelants brief. Therefore I have to present and argue the issues I would have presented and argued on original submission to the court, in the instant for the *PDR Pro-se* which are lengthy. This will be my first opportunity to present the merits of my argument on appeal to the court. I will not be asking to file an over length motion for any improper purpose other than obtaining relief from my presently unconstitutional conviction and sentence. Moreover I am proceeding Pro-Se without assistance of council.

## Prosecution Misconduct

1). With respect to Salas conviction for evading arrest, Officer Brooks , as well as the State,both testefied that Salas was recognized by officer Brooks, as he and Salas passed each other on South St going in opposite directions , which i will prove to be untrue.( The state allowed false testimony by officer Brooks, that led to my conviction)The state knew or should have known that the testimony given by officer Brooks, and the video taken from officer Brooks police car contradicted each other. officer Brooks testified driving towards a 2005 Honda believed to belong to Salas. Officer Brooks swore under oath that it was Salas who was driving said vehicle . Officer Brooks said he made eye contact with Salas as they passed each other. The video , introduced by the state , shows that Officer Brooks lied about going south on South street, therefore no eye contact could have occurred as both cars were *comming from different* direction. In fact, Officer Brooks was parked on the opposite side of the road. According to the states video, Officer Brooks was parked about 20 to 30 feet to the right side of the road. The state introduced officer Brooks testimony as true, when in fact, the state knew, or should have known, Officer Brooks was giving false testimony and miss leading the jury. The state has an obligation to present the facts and "only" the facts, which the state failed to do, allowing the false testimony by officer Brooks.

According to the video introduced by the state, Officer Brooks was parked to the right side of the oncoming Honda and the video will show that at no time, did officer Brooks make eye contact with the driver of said vehicle. Farther more The video shows nothing to the effect as to who was driving the said vehicle. As I recall, Officer Brooks said he recognized Salas as they passed each other on South Street ( left side to left side), and that he made a U-turn to to proceed after Salas, but the video contradicts officer Brooks and make him a liar! The vehicle in question is recorded on the right side, therefore putting

officer Brooks parked off of South Street to the right side at a truck parking space. Officer Brooks left the parking space to proceed after the Honda, turning his police car to the right, (as the video shows, ) and did not make a U-turn to his left to chase the Honda , as officer Brooks falsely testified to. The ~~only~~ eye contact could not have been between Salas and Brooks, passing each other on South Street. Furthermore, The video will prove no eye contact could have been made, or any identity as to who , male or female , was the driver of said vehicle.



## Testimony to an Ambiguous Nature

2) in attempting to evade arrest ,the State testified Salas ran a stop sign and therefore led the jury to believe the vehicle was being used as a deadly weapon. Salas did not testify at trial , and the video admitted into evidence that captured the evading arrest, does not include the part where Salas used his vehicle in an effort to endanger the public. Nonetheless, Officer Brooks and the states testimony about Salas having driven without care for the public, contradicts itself. According to the states video, a citizen crosses the said sign salas had gone through about 5 to 10 seconds <u>after</u> Salas. Therefore, the state mislead the jury that Salas could have used that vehicle as a weapon, violates the Blockburger test, the "clear expression test", and the earlier Ervin-factor test. Salas conviction for evading arrest by the use and "<u>exhibition</u>" of a deadly weapon vehicle , must be vacated. Zuliani:3835.w.3d@300:,,The state expressed that the vehicle in question could have "injured" a citizen when it ran a stop sign, means the <u>State</u> <u>intended</u> the jury to believe the vehicle <u>was</u> used as a deadly weapon. Therefore,, legally insufficient evidence of the use <u>or</u> <u>exhibition</u> of a motor vehicle to threaten the citizen at the intersection, requiring reversal of the Penal Code 22.02(a)(2)(b)(2)( B) conviction and rendition of an acquittal.

The States testimony of an ambiguous nature, about Salas crossing into oncoming traffic is legally insufficient evidence that others were "actually endangered" amounts to the state merely stacking testimonies upon each other, that others were hypothetically endangered, requiring reversal of conviction.Cates v. State,1025.w.3d 735,738,( Tex. crim App, 2003)

## Aggravated Assault vs Evading Arrest

3). I am filing also for rehearing because of part of an existing case,( aggravated assault) was used by the state in order to persuade the jury. That, and the fact that if the state charged me with aggravated assault AND evading arrest, be in two different offenses, why did the State use the assault offense to prove the evading offense? On the assault and evading, the analysis results hinges on the fifth and sixth Ervine factor I.E.whether the offense share a common focus , and whether that focus indicates a " single" instance of conduct by appellant Salas in this case. The State errored by indicting me on both assault and evading as separate crimes, then used both offenses together as a single act? The majority of the hearing was mainly about the assault portion and almost nothing on the evading arrest. If that's the case, one or the other should've been dismissed, or double jeopardy comes into effect Zulini,353s,w.3d872 Miss Galindo was placed on the stand by the state, to recount on an assault that has NOT been proven. Furthermore ,17 photos of Mrs. Galindo's injuries were shown. Mrs. Galindo testified that I had repeatedly stabbed her

causing her to jump out of a moving vehicle,but none of the 17 photos, shown by the state, show any kind of stab wounds ? Road rash was evident, where Mrs. Galindo Galindo voluntarily jumped from a moving vehicle. E.M.S. Did not mention any report of any stab wounds, other then road rash and bumps and cuts from Mrs. Galindo jumping out of a moving vehicle on her own. After being flown to a trauma center in Austin Texas, Mrs. Galindo "walked out" of the hospital against medical advice , shortly after arriving at the medical center, therefore eliminating any findings to any stab wounds. Yet the state    clearly made Mrs. Galindo perjure herself by stating that I repeatedly stabbed her , with no evidence to show , other than hearsay evidence. "legally insufficient evidence and alleged assault" ever connected to the applellant and/or were related to the offense of evading arrest, require a reversal and acquittal.

Appellant is pro se, Unrepresented by counsel, and unfamiliar with proper use of the legal procedures to affectively assess the Texas courts. However, appellant is following Rodriquez v State,129 s.w.3d551,562-64(Tex.app-Hous 1stDist. 2004) in seeking relief from this court pursuant to Tex.R.App.P.49

It is the function of the Appellate Court to ensure that no one is convicted of a crime , except upon proof beyond reasonable doubt.Skelton v State 795s.w.2d162(Texas Crim App 1989) Due process requires no less.

......given the false testimony by the star witness for the State, officer Brooks, I believe the offense, and guilty verdict of evading arrest, requires reversal and acquittal.


I, Jose B. Salas _____ declare under penalty of perjury that the above facts are true and correct.

Executed on _____ _____ _____